

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. Richard Voges
County Attorney,
Wilson County
Floresville, Texas

Dear Mr. Voges:

Opinion No. O-3705

Re: Is an official court reporter, who was in the United States Army Reserves, entitled to continue to draw his salary as such court reporter, after he has been in the United States Army for more than twelve months?

We have given careful consideration to your letter requesting our opinion on the following questions:

"Will you please advise me whether or not an official court reporter (who went into the United States Army from the United States Army Reserves) who has been in the United States Army for more than twelve months is entitled to be paid as such official court reporter by the counties which compose the judicial district of which he is the official court reporter?

"If such payment is made to an official court reporter after absence of more than twelve months by the Commissioners' Court is the Commissioners' Court liable in any manner for such illegal payment?

Article 2321 of the Revised Civil Statutes provides:

"Each District and Criminal District Judge shall appoint an official court reporter who shall be a sworn officer of the

court, and shall hold his office during the pleasure of the court."

Article 2323 of the Revised Civil Statutes provides:

"In case of illness, press of official work, or unavoidable disability of the official shorthand reporter to perform his duties in reporting proceedings in court, the judge of the court may, in his discretion, authorize a deputy shorthand reporter to act during the absence of said official shorthand reporter; * * * but the said official shorthand reporter shall also receive his salary in full, during said temporary disability to act. The necessity for a deputy official shorthand reporter shall be left entirely within the discretion of the judge of the court."

In the recent cases of Carpenter v. Sheppard, 145 S. W. (2) 562, and Spear v. Sheppard, 150 S. W. (2) 769, our Supreme Court has definitely, we think, held that there is no constitutional inhibition against a party who is member of the "United States Army Reserves" drawing his salary as a public official while serving in the United States Army.

Under the articles of our statutes above quoted, the District Judge appoints the court reporter to serve during the pleasure of the court. When the official court reporter is absent, if the judge finds his absence is caused by or as a result of "illness, press of official work, or unavoidable disability", the District Judge may appoint a deputy or assistant, who shall draw the same salary as the regular court reporter, and in addition, the regular court reporter shall also draw his salary.

In our opinion, the matter is left in the hands and under the control of the District Judge, who appointed the court reporter. So long as the District Judge retains the court reporter, who is in the army, such reporter is entitled to his compensation.

Under Article 2326 of the Revised Civil Statutes, the official shorthand court reporter is paid by the Commissioners' Court. It reads in part:

450

"Said salary shall be paid monthly by the Commissioners' Court of the county, out of the General Fund of the county, upon the certificate of the District Judge."

It is the duty of the Commissioners' Court to pay the salary of the official shorthand reporter when the proper certificate for said salary signed by the District Judge is presented. The Commissioners' Court, therefore, would not be liable, either collectively or individually, for paying the court reporter his salary, based upon the certificate of the District Judge.

APPROVED JUL 22, 1941

FIRST ASSISTANT ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant

GWB-MR


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN